[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13437
Non-Argument Calendar
_____

D.C. Docket No. 2:19-cr-00136-LSC-JHE-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNETH EARL HOOKS,

Defendant-Appellant.


_____

No. 19-13564
Non-Argument Calendar
_____

D.C. Docket No.  2:18-cr-00249-LSC-JHE-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNETH EARL HOOKS,

                                                    Defendant-Appellant.

_____

Appeals from the United States District Court
for the Northern District of Alabama
_____

(November 18, 2020)

Before MARTIN, ROSENBAUM, and BRANCH, Circuit Judges.

PER CURIAM:

In this consolidated appeal, Kenneth Hooks appeals his statutory maximum total sentence of two consecutive life terms plus 120 years' imprisonment, imposed after he pleaded guilty to four counts of production of child pornography, one count of coercion and enticement of a minor to engage in sexual activity, and one count of transportation of a minor for sexual purposes. Hooks argues that (1) the district court failed to explain adequately the reasons for the imposed sentences and failed to consider his mitigation-related arguments; (2) the district court erred by failing to consider the directive of U.S.S.G. § 5G1.2(c) that sentences for multiple offenses shall run concurrently; and (3) his total sentence is substantively unreasonable. Because the record in this case does not facilitate meaningful appellate review of the sentence, we vacate and remand for resentencing.

Briefly, after Hooks pleaded guilty to the six child-pornography related counts, the United States Probation Office prepared a presentence investigation report ("PSI"), indicating that Hooks's applicable guideline range was life. Hooks did not object to the PSI, and the district court adopted it. After hearing argument from the parties as to the appropriate sentence and listening to statements from Hooks and others, the district court explained that Hooks's case "calls out for a guideline sentence, which is life." The district court then imposed the statutory maximum of a life sentence as to each of the enticement of a minor and transportation of a minor counts, and a 30-year sentence as to each of the production of child pornography counts, but it ran all terms consecutively, resulting in a total sentence of two consecutive life terms plus 120 years' imprisonment. Hooks's counsel objected to the sentence as "being exceptionally unreasonable," and the district court again noted "this is a guideline sentence." The district court also noted in its statement of reasons that it imposed a sentence within the guideline range.

As the government notes on appeal, Hooks's sentence was arguably above the guideline range due to the imposition of consecutive sentences. Yet the district court clearly stated multiple times that it intended to impose (and believed it did impose) a guideline sentence. Thus, there is a tension between the district court's statements and the total sentence imposed, which we cannot reconcile based on the

record before us.  Therefore, we vacate Hooks's sentences and remand the case for resentencing.[1]

Additionally, Hooks's request that we order the case reassigned to a different district court judge for resentencing is **DENIED**.

**VACATED AND REMANDED.**

---

[1]  We express no opinion on the sentence itself and note that the district court may impose the same sentence on remand if it believes this is the appropriate sentence.  Regardless of the sentence imposed, the district court must clarify if it is imposing a guidelines sentence or a variance.  If it imposes a variance, the district court must state its reasons for imposing such sentence on the record in order to facilitate meaningful appellate review.  *United States v. Dougherty*, 754 F.3d 1353, 1362 (11th Cir. 2014) ("A district court making an upward variance must have a justification compelling enough to support the degree of the variance and complete enough to allow meaningful appellate review.").